JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN KNIGHT (CSBN 209013)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5056
   FAX: (408) 535-5066
   Susan.Knight@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      Plaintiff, )<br>      v. )<br>MARIA ANGELICA RODRIGUEZ, )<br>      Defendant. )<br>_____ ) | No. CR 07-00424 RS<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: February 28, 2008<br>Time: 11:00 a.m. |

**INTRODUCTION**

    The United States hereby submits its sentencing memorandum in the above-referenced case. On October 11, 2007, defendant Maria Rodriguez (hereinafter "the defendant") entered a guilty plea pursuant to a plea agreement to bank robbery and incidental crimes, in violation of Title 18, United States Code, Section 2113(b). She is scheduled to be sentenced on February 28, 2008. The government has reviewed the Presentence Report ("PSR") and has no objection to the guidelines calculation contained in the report. For the reasons stated below, the government recommends a sentence of three years probation with a special condition of six months of home confinement along with restitution.

## SENTENCING GUIDELINES CALCULATION

Pursuant to the United States Sentencing Guidelines ("U.S.S.G"), which are advisory after the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the defendant has an adjusted offense level of 12. PSR, ¶¶ 17-22. Pursuant to U.S.S.G. §§ 3E1.1(a), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of two levels, resulting in an adjusted offense level of 10. PSR, ¶¶ 23-26.

The Probation Officer calculates that the defendant has one criminal history point, and therefore, falls into Criminal History Category I. PSR, ¶ 33. An adjusted offense level of 10 when indexed with a Criminal History Category of I yields a guideline range of 6 to 12 months. The Probation Officer recommends a sentence of three years probation, restitution in the amount of $40,696.00, and a $25 special assessment.

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of three years of probation with a special condition of six months home confinement along with restitution. The government believes that such a sentence, which takes into account the calculations under the Sentencing Guidelines and the factors cited in 18 U.S.C. § 3553(a), is reasonable and achieves the goals of sentencing.

First, the defendant's conduct is extremely serious. For over two years, the defendant received monthly Social Security benefits deposited into her Bank of America account to which she was not entitled. The first deposit, made on August 25, 2004, was for $13,846.00 and monthly deposits ranging from $956.00 to $1,022.00 continued until November 2006. During this time, the defendant was well aware that the funds were erroneously deposited into her account and failed to notify the bank or Social Security. In fact, the first deposit was itemized as "SOC SEC Chirico," reflecting that the money was Social Security benefits intended for an individual named Chirico. PSR, ¶ 8. In addition, the defendant did not have a steady job or other source of income that could account for the monthly deposits. The defendant even attempted to mislead the agents from the Social Security Administration by explaining to them that the monthly deposits were an inheritance from her deceased father, whom the agents later

learned died intestate. PSR, ¶¶ 9-10. In total, the defendant received approximately $40,696.00 in Social Security funds that were intended for an elderly woman who requires round-the-clock medical care. PSR, ¶ 12. Unfortunately, the Social Security Administration, for unknown reasons, was unable to reimburse the victim the money that she should have received for the past two years.

Unfortunately, this is not the first time the defendant has broken the law. She has three misdemeanor convictions for petty theft, providing false information, and second degree burglary. However, the convictions are over ten years old, and the burglary conviction was dismissed in 1995. PSR, ¶¶ 30-32.

Nevertheless, balanced against the defendant's conduct and criminal history are several mitigating factors. As detailed in the PSR, the defendant had difficulties growing up, including becoming pregnant in high school and dropping out. She also was involved in an abusive relationship with the father of one of her children and is the sole provider for her two young children. PSR, ¶¶ 38-41. In light of these facts, the government believes that a sentence of three years probation with a special condition of six months home confinement is appropriate and achieves the goals of sentencing, including reflecting the seriousness of the offense and adequately punishing the defendant for her behavior.

Finally, the PSR indicates that the defendant does not have the ability to pay a fine and owes a considerable amount of restitution to the victim. PSR, ¶ 61. Therefore, the government concurs with the Probation Officer that Court not impose a fine. The Court is required to impose a special assessment of $25.00.

DATED: 2/21/08                    Respectfully submitted,

                                  JOSEPH P. RUSSONIELLO
                                  United States Attorney


                                         /s/
                                  SUSAN KNIGHT
                                  Assistant United States Attorney